BROWN v. HOUSTON, E. & W. T. RY. CO. (No. 142.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 14, 1917. Rehearing Denied Dec. 5, 1917.)

1. CARRIERS ⬉➙380(4) — PASSENGERS — PETITION.

A petition that plaintiff passenger was in fear of defendant carrier's conductor and was forced and compelled by said conductor to leave a moving train, etc., *held* not to present the conductor's action in inspiring fear in plaintiff as a separate and independent ground of negligence.

2. APPEAL AND ERROR ⬉➙1062(2)—HARMLESS ERROR—SUBMITTING ISSUES.

Any error in submitting question whether defendant carrier was negligent in failing to stop its train for appellant passenger to alight is harmless, where the jury answered the question affirmatively.

**3. APPEAL AND ERROR ⬤⟿1068(5)—HARMLESS ERROR—INSTRUCTIONS.**

Any error in failing to instruct that defendant carrier should stop its trains a reasonable time for appellant passenger to alight is harmless, where the jury found defendant negligent in not stopping.

Appeal from District Court, Liberty County; J. Llewellyn, Judge.

Suit by Steve Brown against the Houston, East & West Texas Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

J. L. Manry, of Livingston, W. P. Cruse, of Cleveland, and E. B. Pickett, Jr., of Liberty, for appellant. Baker, Botts, Parker & Garwood and J. T. Garrison, all of Houston, for appellee.

HIGHTOWER, C. J. This suit was brought by the appellant, Steve Brown, against the appellee, Houston, East & West Texas Railway Company, to recover damages on account of personal injuries alleged to have been received by appellant at a station called Excelsior on July 25, 1914. The case was tried with a jury in the court below, and was submitted upon special issues, and upon the verdict returned in answer to the special issues, judgment was rendered in favor of appellee. Motion for new trial was made by appellant, and was overruled, to which appellant duly excepted, and has brought the case here on appeal.

On July 25, 1914, appellant boarded appellee's passenger train at the station of Shepherd, with the intention of being carried as a passenger to the station of Excelsior, and while alighting from the train at the station of Excelsior was injured on account of alleged negligence on the part of appellee's agents and servants in charge of said train.

Since one of the main questions before us involves a construction of appellant's pleading as to the cause of his injury, we think it best to here quote the following portions of his petition, commencing with paragraph 3, to wit:

"(3) That on or about July 25, 1914, plaintiff boarded a passenger train of the defendant at said town of Shepherd, as a passenger, for the purpose of being carried as such passenger to said town of Excelsior; that before boarding said train he attempted to buy a ticket from the agent of the defendant at Shepherd, but was told by said agent that he did not have time to make out a ticket (as the train was then nearing the station), but plaintiff could board the train and pay his fare to the conductor thereon, and after so boarding said train plaintiff did pay to the conductor upon said train the proper fare from Shepherd to Excelsior, and thereupon it became the duty of the defendant to well and safely carry and transport him over its road to Excelsior, and there stop its train so that plaintiff might safely alight therefrom.

"(4) That after so becoming a passenger upon said train and paying the proper fare for transportation to Excelsior, and as the train approached that place, the conductor upon said train told plaintiff, in substance, that this was his town or stop, but that he (the conductor) did not have time to stop the train, as they were in a hurry to reach Houston in time to vote, but that the train would slow down so plaintiff could get off. Thereupon plaintiff requested the defendant to stop the train at Excelsior, as defendant was bound and obligated to do, but the conductor refused so to do, and plaintiff told him that he could not jump from said train while it was moving as rapidly as it was going, but wanted the train stopped so that he might get off of same; that the conductor refused to stop the train, and continued to run through the town of Excelsior at about the rate of 15 or more miles per hour, and also continued to insist upon plaintiff that he must get off the train while it was so in motion, and while so running by and through the town of Excelsior, and while plaintiff was protesting that he could not then jump off the train without risk and danger of injury, the conductor took hold of plaintiff's arm and led him to the steps of the passenger car in which he had been riding (though plaintiff still continued to tell him that he could not get off the train while thus in motion), and very roughly said to plaintiff that he had to get off, and made a move, so it appeared to plaintiff, as if he (the conductor) would kick plaintiff off the train, and thus being so threatened and subjected to the force and fear of said conductor, the plaintiff jumped from said train while so in motion, and was thereby seriously and permanently injured, etc., as alleged in next succeeding paragraph.

"(5) That when plaintiff was forced and compelled by the conductor of said train to jump therefrom, as above alleged, he was thrown violently against the ground, etc., and thereby stunned almost to complete unconsciousness for a few minutes, his right leg and right arm were badly cut and bruised, the knee and ankle of his said leg being bruised and cut and bleeding, his breast was painfully and seriously bruised and mashed, and further from said hurt and injuries he was caused to spit up blood, and he was made to suffer severe pains about his neck and in his stomach and breast; also his back was hurting as if strained or sprained and bruised, and plaintiff further suffered a severe rupture, which has caused him to undergo excruciating pain, and even yet he continues to suffer severely therefrom, and is compelled to wear a truss, which affords him only partial relief; that as a result of said fall and the injuries so received, plaintiff was confined to his bed for several weeks thereafter, and when first getting up from bed he was compelled to use crutches for a month or more; that by said fall and the injuries resulting therefrom, plaintiff's physical strength has been greatly lessened, his body considerably weakened, and his general health impaired, and for a period of several months after being so injured he was unable to perform any manual labor without much pain and suffering.

"(6) Plaintiff alleges that at the time of being so injured as above alleged he was in good health, strong and robust in body, and only 26 years of age, and well able to earn a good livelihood by manual labor, and upon such labor plaintiff is compelled to rely for the support of himself, wife and three children; that prior to being so injured his average earnings were the sum of $3.50 per day, but now because of his weakened body and diminished strength, plaintiff is poorly equipped for performing manual labor, and he is wholly unable to perform the hard manual labor to which he was theretofore accustomed.

"(7) That by reason of the defendant's negligence in failing and refusing to stop said train at Excelsior to allow plaintiff to alight therefrom, as it was the duty of defendant to do, and by reason of having forced and compelled

the plaintiff to jump therefrom while the train was in motion, the plaintiff, as the direct and proximate result of the said negligence, etc., and misconduct of the defendant, has been caused to suffer great physical and mental pain and anguish, and he will, in all probability, so continue to suffer for long years to come, and he has lost the wages he would have earned while unable to work as a result of said injuries, and also his earning power in the future has been materially and permanently impaired and diminished in all to his damage in the sum of $10,000."

Appellee, as defendant below, answered by general demurrer, general denial, and the following general plea of contributory negligence:

"Further answering herein, this defendant says that the plaintiff was at the time, and before the alleged accident, guilty of contributory negligence, which contributory negligence upon the part of the plaintiff was the direct and proximate cause of plaintiff's injuries, if any he received, and that by reason of such contributory negligence plaintiff is not entitled to recover, and of this defendant prays judgment of the court."

The trial court, after properly defining "negligence," "proximate cause," and "contributory negligence," propounded to the jury the following questions, among others, to wit:

"Question No. 1: Did the defendant fail or refuse to stop the train upon which plaintiff was riding, at Excelsior, to allow plaintiff to alight therefrom?"
To this question the jury answered "Yes."
"Question No. 2: If you answer this question 'Yes,' then answer whether or not the defendant was guilty of negligence in so failing to stop said train."
To this question the jury answered "Yes."
"Question No. 3: Did the defendant force and compel the plaintiff to jump from said train while it was in motion?"
To this question the jury answered "No."
"Question No. 4: If you answer the last above question 'Yes,' then say whether or not the defendant was guilty of negligence in forcing and compelling the plaintiff to jump from said train while in motion."
To this question the jury answered "No."
"Question No. 5: Was the plaintiff guilty of contributory negligence, as that term has been hereinbefore defined, in alighting from said train in the manner he did?"
To this question the jury answered "Yes."

From the portions of the plaintiff's petition above quoted, it will be seen that appellant claimed that appellee was guilty of negligence in two respects: (1) In failing and refusing to stop the train at the station of Excelsior a reasonably sufficient time to allow appellant to alight therefrom; and (2) in forcing and compelling appellant to alight from the train while the same was in motion. It will be seen, also, from the jury's answers above quoted, that the jury found that appellee did fail and refuse to stop the train as alleged by appellant, and that such failure and refusal on appellee's part was negligence; but it will also be seen from the answers of the jury, as above quoted, that appellee's conductor did not force and compel appellant to alight from said train, as alleged by him, and further that there was no negligence on appellee's part in that respect, and it will be

further seen from the answer of the jury on that issue that appellant was guilty of contributory negligence in alighting from the train in the manner and under the circumstances he did so alight.

The first assignment of error by appellant complains of the action of the trial court in submitting to the jury question No. 3, as above quoted, and the second assignment complains of the action of the court in refusing special charge No. 1 requested by appellant, which special charge was as follows:

"Gentlemen of the jury: If you have answered question No. 3, as submitted to you in the court's general charge, then consider and answer this special issue, as follows: 'Question: Did the plaintiff jump from said train while it was in motion at Excelsior because he was in fear of the conductor of said train?'"

This special charge was refused by the court.

The third assignment of error complains of the action of the court in submitting question No. 4, as above quoted. These three assignments are grouped in appellant's brief, and we find thereunder three propositions. By the first of these propositions, it is contended that when a case is submitted on special issues, every material issue raised by the pleadings and the evidence must be submitted to the jury for determination; that it is error to omit or refuse to do so, when the omission has been seasonably complained of, and a special charge has been requested upon the submitted issue. In this connection, it is contended by appellant in this case that the issue of whether or not the appellant jumped from the moving train because in fear of the conductor was raised by the pleadings and the evidence, and therefore the court erred in failing and refusing to submit that question as one of the special issues to be determined by the jury, as plaintiff requested in appellant's special charge No. 1.

[1] While we agree with the contention of appellant, as an abstract proposition, that it is the duty of the trial court in submitting a case to the jury upon special issues to submit all issues which are properly made by the pleadings and proof, when properly requested so to do, yet we cannot agree with appellant's contention in this connection that the court failed or refused to submit to the jury any issue which was properly raised by the pleadings and proof. We are of the opinion that the trial court followed the very language of appellant's pleading as to the proximate cause of his injuries when the court submitted to the jury the issue as to whether appellee's conductor forced and compelled appellant to alight from the train while the same was in motion. While it is true that it is alleged in appellant's petition that at the time he alighted from the train, he was in fear of appellee's conductor, yet we think that a proper construction of the petition as a whole leads to the conclusion that the pleader meant that the action of appellee's conductor

in putting appellant in fear constituted but a part of the acts and conduct of the conductor which, considered together, amounted to force and compulsion, and that it was not intended by the pleader to charge that the action of the conductor in so putting appellant in fear should be construed as a separate and independent ground of negligence, and to be understood by the trial court as a separate and independent act of force or compulsion. But if we be mistaken in this, construing the pleading as a whole, we are, nevertheless, convinced that in that portion of appellant's petition wherein he sets out the proximate cause of his injuries, he confines himself strictly to actual force and compulsion on the part of appellee's conductor in putting him off the train while the same was in motion, and this being true, the trial court did not err in propounding to the jury question No. 3, as complained by appellant, because that question fully embraced the only action of appellee's conductor that was complained of as the proximate cause of appellant's injuries, as will be seen from a careful reading of appellant's petition hereinbefore quoted, and therefore the court was not required, and should not have given special charge No. 1 requested by appellant, as above quoted.

The second proposition under these assignments is that it was error for the charge to instruct the jury on an issue not raised by the evidence, and that, therefore, it was error for the trial court to submit to the jury question No. 3 hereinbefore quoted. In this connection, it is contended by appellant that the expression "force and compel" necessarily implied that in order for the jury to answer said question in the affirmative, they must find that, in fact, bodily force, that is, actual physical force or strength, was made use of by the conductor upon the plaintiff, and even that the same was of such violence as to irresistibly overcome plaintiff, and that thus he was actually and physically forced from the train, and that there was no evidence to warrant the trial court in so charging that such was the issue to be decided.

In answer to this proposition, without intending to concur in the exact construction placed upon the charge by appellant, we simply say that the evidence in the case as given by appellant himself abundantly justified the submission of this issue to the jury in the very language in which the court submitted it. It would serve no useful purpose to go into a discussion of this evidence.

The third proposition is that it is never permissible, but always improper and erroneous, to charge only upon the plea or theory urged by the defendant, to the exclusion of the theory or contention upon which plaintiff bases his cause of action. In answer to this proposition, we hold that the trial court did not charge only upon the plea or theory urged as a defense by appellee, to the exclusion of the theory or contention upon which appellant based his cause of action, and therefore we dismiss this proposition without further discussion.

We conclude that there is nothing in any of the assignments from 1 to 3, inclusive, and the same are overruled.

[2] The fourth assignment complains that the court erred in submitting question No. 2 to the jury. Question No. 2 submitted by the court was, in substance, as follows:

"Was the defendant guilty of negligence in failing to stop its train at Excelsior, for the purpose of enabling plaintiff to alight therefrom?"

This question was answered in the affirmative by the jury, and we cannot see how the submission of the question, if error, could be prejudicial to appellant. We overrule the assignment.

[3] The fifth assignment complains, in effect, that the court erred in failing to tell the jury that the law of this state requires a railroad company to stop its passenger trains at stations for which it has passengers long enough to allow the passenger a reasonable time to alight. We do not see how the failure of the trial court to so instruct the jury in this case could be error prejudicial to appellant, since the jury affirmatively found that appellee was guilty of negligence in not stopping its train at the station of Excelsior for appellant to alight on the occasion in question. We overrule this assignment without further discussion.

From what we have said, it follows that we are of opinion that there was no error committed by the trial court which could be considered prejudicial to appellant in this case, either in the charge of the court, as given to the jury, or in refusing the special charge requested by appellant; but even if there were errors in these respects, we are of opinion that the jury having found specifically that appellant was guilty of contributory negligence, under the general plea of contributory negligence interposed as a defense by appellee, that the trial court was correct in rendering judgment in favor of appellee upon such verdict, and that no other judgment could have been rendered. The finding of the jury to the effect that appellant was guilty of contributory negligence was not even assigned as error in the motion for new trial below, neither is there any complaint of such finding in this court, and under the pleadings and evidence in this case, we hold that such finding of contributory negligence is a complete defense and bar to any recovery by appellant in this case.

All assignments of error are overruled, and the judgment of the trial court is in all things affirmed.